## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Frederic Windisch, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Ally Financial, Inc., | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Frederic Windisch, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Frederic Windisch ("Plaintiff"), is an adult individual residing in St Joseph, Missouri, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Ally Financial, Inc. ("Ally"), is a Michigan business entity with an address of 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Within the last year, Ally began calling Plaintiff's cellular telephone, number 562-xxx- 6754.

6. The calls were placed from telephone number 888-611-6904.

7. When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call was transferred to an Ally operator.

8. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

9. Plaintiff does not know how Ally acquired his cellular phone number. Plaintiff did not provide it to Ally.

10. Plaintiff did not provide prior express consent to Ally to place calls to his cellular phone number.

11. When the calls began, Plaintiff spoke with a live representative in an effort to get them to stop. Ally informed Plaintiff that the calls were intended for "Michael Verdugo." Plaintiff advised Ally that Mr. Verdugo was unknown to him

and unreachable at his number and as such, demanded that the automated calls cease.

12. Nevertheless, the calls continued.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very

short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone systems have all the earmarks of a Predictive Dialer.

17. When Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

18. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff never provided his cellular telephone to Defendant and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendant to stop all calls to him.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

22. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 29, 2018

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Frederic Windisch
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com